Albert Wilson, Jr.
D.C. Bar No. 486546
VEDA LAW LLC
199 E Montgomery Ave, Ste 100
Rockville, MD 20850
Telephone: (240) 839-4153
Fax: (202) 315-3494
Email: awilson@vedalaw.com
*Counsel for Defendants*

# United States District Court
# For the District of Columbia

| | |
|---|---|
| Raul Silva<br><br>    *Plaintiff*,<br><br>vs.<br><br>Ahmad Tariq Saylab, et al.,<br><br>    *Defendants*. | Case No.: 21-cv-03039-JDB |

**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM**

1

Defendants, Ahmad Tariq Saylab and Mary Ali Saylab (hereinafter collectively the "Saylabs"), answer the Complaint and state:

> *For his complaint against Ahmad Tariq Saylab and Mary Ali Saylab (sometimes collectively "Defendants") Plaintiff Raul Silva ("Plaintiff") states the following.*

**Answer:**   This paragraph requires no response.

### NATURE OF ACTION

> 1. *This is an action for damages and other appropriate relief for breach of lease and trespass.*

**Answer:**   This paragraph requires no response.

### THE PARTIES

> 2. *Plaintiff Raul Silva is an individual who is a citizen of and resident in the District of Columbia.*

**Answer:**   The Saylabs lack knowledge or information sufficient to either admit or deny this paragraph's allegations.

> 3. *Defendant Ahmad Tariq Saylab is citizen of and resident in the Commonwealth of Virginia.*

**Answer:**   Admitted.

> 4. *Defendant Mary Ali Saylab is a citizen of and resident in the Commonwealth of Virginia.*

**Answer:**   Admitted.

> 5. *Defendants are husband and wife.*

**Answer:**   Admitted.

6. Defendants John Doe Nos. 1 – 5 are defendants whose identities are currently unknown. On information and belief they are one or more Commonwealth of Virginia corporations established by the Defendants as a result of the Judgment for Possession referenced below and in anticipation of a Judgment for damages. Defendant announced the opening of a storefront restaurant in Tysons Corner, Virginia. On information and belief Defendants established these John Doe Virginia corporations in order to transfer the assets the Defendants created by their trespass and holdover described below for the fraudulent purpose of escaping their debt and liability to Plaintiff.

**Answer:** Denied.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Answer:** This paragraph is a legal conclusion related to "subject matter jurisdiction"; therefore, the Saylabs are not required to respond.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

**Answer:** This paragraph is a legal conclusion related to "venue"; therefore, the Saylabs are not required to respond.

9. This Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13423(a)(1), as the claims arise Defendants' transacting business in the District of Columbia.

**Answer:** This paragraph is a legal conclusion related to "personal jurisdiction"; therefore, the Saylabs are not required to respond.

## COUNT I
### (Breach of Lease)

10. Plaintiff is the owner of a building located at 3147 Dumbarton Street, N.W., Washington, D.C. 20007. Part of the building may be leased commercially.

**Answer:** The Saylabs lack knowledge or information sufficient to either admit or deny this paragraph's allegations.

11. On August 2, 2017, Plaintiff and Defendants entered into a Commercial Lease Agreement ("Lease"). Plaintiff agreed to lease the commercial portion of the building to the Defendants in order that they could open a restaurant on the premises. ("Premises"). A true and correct copy of the Commercial Lease is attached hereto as **Exhibit A** and incorporated herein by reference. It was a two-year lease. The Lease term was January 1, 2018, through December 31, 2019.

**Answer:** The Commercial Lease Agreement (Lease) speaks for itself. Allegations inconsistent with the document are denied.

12. Each defendant signed the Lease individually and each is identified as a Tenant under the Lease.

**Answer:** The Lease speaks for itself. Allegations inconsistent with the Lease are denied.

13. Defendants occupied the Premises as commercial tenants beginning August 2017. In November 2019 without any explanation Defendants stopped paying rent and other charges under the Lease. On January 1, 2020, after the Lease expired the Defendants refused to vacate the Premises Plaintiff immediately brought a landlord tenant action against the Defendants in the Landlord Tenant Division of the Superior Court of the District of Columbia.

**Answer:** The Saylabs admit this paragraph's first sentence. The Saylabs deny, as phrased, this paragraph's remaining allegations.

4

> 14. *On January 22, 2020, Judge Trafford of the Superior Court granted the Plaintiff's request for a Protective Order, ordering the Defendants to pay into the Registry of the Court the sum of $4,612.00 by January 29, 2020, and the sum of $3,250.00 on the first day of the month thereafter while the case was pending. Defendants have failed and refused to comply with the Protective Order and never paid anything.*

**Answer:** A copy of the protective order was not attached to the Complaint. As such, the Saylabs lack knowledge or information sufficient to either admit or deny this paragraph's allegations.

> 15. *On February 13, 2020, after trial Plaintiff was granted a Judgment of Possession for the Premises by Judge Bouchet. The Defendants refused to honor the Judgment and vacate the Premises voluntarily, thereby forcing Plaintiff to engage in the lengthy process of eviction by the United States Marshall. The Defendants engaged in such obstructionist conduct because they understood the inherent delays created by the need to bring legal action against the Defendants in order to force them to leave. It is well understood that in the District of Columbia there are no self-help evictions.*

**Answer:** Denied as phrased.

> 16. *By mid-March 2020, before the eviction process had run its course, Mayor Bowser declared the Covid emergency. All evictions in the District of Columbia were suspended. Despite the fact that the Covid emergency shut down many restaurants in the District of Columbia, the Defendants business was a carry-out business and therefore thrived throughout the entire Covid Emergency. The profits of the business were enough to pay the monthly holdover rent. Although Plaintiff made demands that Defendants vacate the property during the pandemic emergency the Defendants refused to do so.*

**Answer:** Denied as phrased.

> 17. Plaintiff was unable to evict the Defendants until September 29, 2021, when the United States Marshall executed the writ of restitution issued by the Superior Court on December 31, 2020. The amount owing to the Plaintiff under the Lease as of November 5, 2021, along with applicable interest as provided for by the Lease less application of a $9,000.00 security deposit totaled $175,510.75.

**Answer:** The Saylabs admit that the writ was executed on September 29, 2021. The Saylabs deny this paragraph's remaining allegations.

> 18. In addition to their refusal to pay the rent on the Premises the Defendants refused to pay their share of the water bill for the property in the amount of $4,580.00.

**Answer:** Denied as phrased.

> 19. During their occupancy of the Premises Defendants caused a significant amount of damage to the property, which exceeded normal wear and tear on the Premises and violated the Lease. Plaintiff repaired the Premises in order to make them tenantable, at a cost exceeding $23,350.00. In addition, Plaintiff paid at least $500.00 to remove trash from the Premises left by the Defendants.

**Answer:** The Saylabs deny this paragraph's first sentence. The Saylabs specifically deny leaving trash on the Premises. The Saylabs lack knowledge or information sufficient to either admit or deny this paragraph's remaining allegations.

> 20. The lease term ended on December 31, 2019. Although the Plaintiff demanded that they vacate the property, Defendants refused to leave. In fact, they exploited the emergency declared by the Mayor in March 2020 by occupying the premises as holdovers while refusing to pay any rent or utilities. As noted, Plaintiff was unable to obtain actual possession of the Premises because of the Covid-19 Emergency.

**Answer:** Denied as phrased.

21. Plaintiff therefore incurred damages totaling $203,940.75 as of November 5, 2021, plus his attorney's fees in obtaining the judgment of possession in the approximate amount of $3,500.00.

**Answer:** This paragraph is a legal conclusion related to "damages"; therefore, the Saylabs are not required to respond.

### COUNT II
### (Trespass)

22. Counterclaim Plaintiff incorporates the allegations in Paragraphs 1 – 21 as if fully set forth herein.

**Answer:** This paragraph requires no response.

23. Any person who, without lawful authority, shall enter, or attempt to enter, any private dwelling, building, or other property, or part of such dwelling, building, or other property, against the will of the owner of the property in the District of Columbia has committed a trespass on the property.

**Answer:** This paragraph is a legal conclusion related to "trespass on the property"; therefore, the Saylabs are not required to respond.

24. After receiving lawful demands that they vacate the Premises because the Lease had expired the Defendants remained on the Premises.

**Answer:** This paragraph is a legal conclusion related to "lawful demands" and trespass; therefore, the Saylabs are not required to respond.

25. Thereafter Defendants exploited the Emergency declared by the Mayor of the District of Columbia in March 2020 by occupying the premises as holdovers while refusing to pay any rent or utilities. Plaintiff was unable to obtain actual possession through execution of the writ of restitution until September 29, 2021.

**Answer:** Denied.

> 26. Defendants' holdover under the Lease constituted trespass against the property. This trespass was intentional and was motivated by a desire to harm the Plaintiff and did severely damage the Plaintiff. Exemplary damages are therefore warranted.

**Answer:** This paragraph is a legal conclusion related to trespass against the property"; therefore, the Saylabs are not required to respond.

## COUNT II
## (Fraudulent Transfer in Violation of D.C. Code § 28-3105(a))

> 27. Plaintiffs incorporate by reference the averments of Paragraphs 1- 26 above, as if fully set forth herein.

**Answer:** This paragraph requires no response.

> 28. Upon information and belief, Defendants caused the transfer to themselves or to John Doe Nos 1 – 5 of the assets and revenues of their restaurant operation after Plaintiffs' claims arose.

**Answer:** This paragraph is a legal conclusion related to "transfer of the assets"; therefore, the Saylabs are not required to respond.

> 29. Upon information and belief, Defendants did not receive a reasonably equivalent value in exchange for the transfer(s).

**Answer:** This paragraph is a legal conclusion related to "a reasonably equivalent value in exchange for the transfer(s)"; therefore, the Saylabs are not required to respond.

> 30. Upon information and belief, Defendants became insolvent as a result of the transfer(s).

**Answer:** This paragraph is a legal conclusion related to "insolvent"; therefore, the Saylabs are not required to respond.

> 31. *Plaintiff suffered damages as a result of Defendants' fraudulent transfer(s) to themselves.*

**Answer:** This paragraph is a legal conclusion related to "fraudulent transfer(s)"; therefore, the Saylabs are not required to respond.

> 32. *Plaintiff is entitled to avoidance of the transfer(s) to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3105(a).*

**Answer:** This paragraph is a legal conclusion related to "D.C. Code § 28-3105(a)"; therefore, the Saylabs are not required to respond.

> 33. *Plaintiff is entitled to attachment of the assets or revenues transferred to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3105(a).*

**Answer:** This paragraph is a legal conclusion related to "D.C. Code § 28-3105(a)"; therefore, the Saylabs are not required to respond.

> 34. *Plaintiff is entitled to an injunction against further disposition by Defendants of assets, revenues, or other property sufficient to satisfy Plaintiff's claims.*

**Answer:** This paragraph is a legal conclusion related to "injunction"; therefore, the Saylabs are not required to respond.

9

# COUNT IV
## (Fraudulent Transfer in Violation of D.C. Code § 28-3105(b))

      35.    *Plaintiffs incorporate by reference the averments of Paragraphs 1-34 above, as if fully set forth herein.*

**Answer:**    This paragraph requires no response.

      36.    *Upon information and belief, Defendants caused the transfer to themselves or to Defendants John Doe Nos. 1 – 5 of the assets and revenues of their restaurant operation after Plaintiffs' claims arose.*

**Answer:**    This paragraph is a legal conclusion related to "transfer of the assets"; therefore, the Saylabs are not required to respond.

      37.    *Upon information and belief, Defendants did not receive a reasonably equivalent value in exchange for the transfer(s).*

**Answer:**    This paragraph is a legal conclusion related to "a reasonably equivalent value in exchange for the transfer(s)"; therefore, the Saylabs are not required to respond.

      38.    *Upon information and belief, Defendants became insolvent as a result of the transfer(s).*

**Answer:**    This paragraph is a legal conclusion related to "insolvent"; therefore, the Saylabs are not required to respond.

      39.    *Plaintiff suffered damages as a result of Defendants' fraudulent transfer(s) to themselves.*

**Answer:**    This paragraph is a legal conclusion related to "fraudulent transfer(s)"; therefore, the Saylabs are not required to respond.

> 40. *Plaintiff is entitled to avoidance of the transfer(s) to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3105(b).*

**Answer:** This paragraph is a legal conclusion related to "D.C. Code § 28-3105(b)"; therefore, the Saylabs are not required to respond.

> 41. *Plaintiff is entitled to attachment of the assets or revenues transferred to the extent necessary to satisfy Plaintiffs' claims pursuant to D.C. Code § 28-3105(b).*

**Answer:** This paragraph is a legal conclusion related to "D.C. Code § 28-3105(b)"; therefore, the Saylabs are not required to respond.

> 42. *Plaintiff is entitled to an injunction against further disposition by Defendants of assets, revenues, or other property sufficient to satisfy Plaintiff's claims.*

**Answer:** This paragraph is a legal conclusion related to "injunction"; therefore, the Saylabs are not required to respond.

## COUNT V
### (Common Law Fraudulent Transfer / Successor Liability)

> 43. *Plaintiffs incorporate by reference the averments of Paragraph 1- 42 above, as if fully set forth herein.*

**Answer:** This paragraph requires no response.

> 44. *The transfers described above were made without substantial consideration and rendered the Defendants unable to pay their bills or meet their obligations to the Plaintiff.*

**Answer:** This paragraph is a legal conclusion related to "without substantial consideration"; therefore, the Saylabs are not required to respond.

    45.    *Alternatively, the transfers described above were made with a fraudulent intent in which the grantees, Defendants John Does Nos. 1 – 5 participated.*

**Answer:** This paragraph is a legal conclusion related to "fraudulent intent"; therefore, the Saylabs are not required to respond.

    46.    *Upon information and belief, the transfers of the assets as described above were for the fraudulent purpose of escaping Defendants' debts and liabilities to Plaintiff.*

**Answer:** This paragraph is a legal conclusion related to "fraudulent purpose"; therefore, the Saylabs are not required to respond.

    47.    *Defendant John Doe Nos. 1 – 5 are therefore liable to Plaintiff, jointly and severally, to the same extent as Defendants.*

**Answer:** This paragraph is a legal conclusion related to "liable to plaintiff"; therefore, the Saylabs are not required to respond.

> WHEREFORE, Plaintiffs demand that a judgment be entered in his favor and against Defendants, Ahmad Tariq Saylab and Mary Ali Saylab, jointly and severally:
> a. Awarding compensatory damages for breach of the lease agreement in an amount no less than $203,940.75 plus attorney's fees of at least $3,500.00 Plaintiff incurred in the landlord tenant action, plus continuing prejudgment interest from November 6, 2021, to the date of Judgment, plus post judgment interest at the statutory rate until paid, plus reasonable attorney's incurred in bringing this action, plus costs;
> b. Awarding exemplary damages in an amount no less than $200,000.00 as justified by the evidence at trial;
> c. Awarding Plaintiff his attorneys' fees, expenses, and costs incurred in this action;
> d. Preliminarily and permanently attaching assets and property of the Defendants sufficient to satisfy their debt to Plaintiff;
> e. Preliminarily and permanently enjoining the Defendants from further alienating or disposing of assets and property in an amount equal to their debt to Plaintiff; and
> f. Awarding Plaintiff such other and additional relief as the Court deems just and proper.

**Answer:** The Saylabs deny that Plaintiff is entitled to any relief.

## DEFENDANTS' PRAYER FOR RELIEF

For the above reasons, the Saylabs respectfully ask this Court to dismiss the Complaint with prejudice, awarding them reasonable attorney's fees and costs, and awarding any further relief favorable to the Saylabs to which they are entitled.

## AFFIRMATIVE DEFENSES

1. **Failure To State A Claim.** The Complaint fails to state a claim upon which relief can be granted.

   a. **Count II (Trespass):** Plaintiff's trespass claim fails as a matter of law. As alleged in the Complaint, trespass requires the unlawful entry upon the premises of another. Compl. ¶ 23; see *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1062-63 (D.C. 2014) (internal quotation marks omitted). Here, according to the Complaint, the Saylabs obtained lawful possession of the Premises. See *id*. ¶ 11. What is more, according to the lease agreement, once the tenancy expired, the Saylabs became holdover tenants. See *id*., Ex. A, at 6, ARTICLE SEVENTEEN (defining "Holding Over").

   b. **Counts III, IV (Fraudulent Conveyance):** Plaintiff fails to allege fact sufficient to state a fraudulent-conveyance claim. While the District is a notice-pleading jurisdiction, a complaint must allege more than boilerplate allegations without some factual support. *See Potomac Dev.*

*Corp. v. District of Columbia,* 28 A.3d 531, 543-45 (D.C. 2011) (expounding pleading requirements).

      c.     **Count V (Common Law Fraudulent Conveyance/ Successor Liability):** Plaintiff fails to allege facts sufficient to state a claim for common law fraudulent conveyance. Moreover, the District may not recognize a claim for common law fraudulent conveyance. Further, Plaintiff's successor-liability claim fails as a matter of law because the Complaint does not allege a successor entity.

    2.    **Offset.** The Saylabs are entitled to offset from any amounts allegedly owed to Plaintiff because Plaintiff retained and converted their personalty.

The Saylabs reserve the right to raise additional affirmative defenses that become apparent as this litigation proceeds.

## COUNTERCLAIM

## PRELIMINARY STATEMENT

During their eviction, the Saylabs were forced to leave behind equipment with a value of at least $50,000.00. The Saylabs demanded that Plaintiff (Silva) return the equipment. But Silva refused. The equipment includes, among other things: (1) flattop grill; (2) undercounter refrigerator; (3) gas rice cooker; (4) sandwich rice cooker; (5) refrigerated sandwich prep table; (6) standup refrigerator; (7) three compartment steam table; (8) clover POS system; (9) exhaust

system hood; (10) air conditioner; (11) vegetable cutters; (12) camera; and (13) other miscellaneous items (collectively "personalty").

## COUNT I

## CONVERSION

1.  "Conversion is an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property." *Greenpeace, supra,* 97 A.3d at 1062-63.

2.  By virtue of his alleged ownership of the Premises, Silva gained possession of the Saylabs' personalty when Silva evicted the Saylabs.

3.  Silva is unlawfully exercising ownership, dominion, and control over the Saylabs' personalty.

4.  The Saylabs have demanded the return of their personalty.

5.  Yet Silva refused to return the Saylabs' personalty.

6.  Due to Silva's conversion of the Saylabs' personalty, the Saylabs have been damaged in an amount of at least $50,000.00.

WHEREFORE, the Saylabs respectfully request that the Court:

A.  Enter judgment in the Saylabs' favor and against Silva for his conversion of their personalty;

B.  Award the Saylabs actual damages of at least $50,000.00, the value of the personalty that Silva refused to return; and

C. Award the Saylabs punitive/exemplary damages in an amount to be determined at trial against Silva for his intentional and malicious conversion; and

D. Grant any further relief favorable to the Saylabs to which they are entitled.

Date: December 17, 2021

                                                  /s/
                                       Albert Wilson Jr.

## CERTIFICATE OF SERVICE

On December 28, 2021, the foregoing was served on all counsel or parties below.

**VIA CM / ECF**

Thomas A. Mauro, Esq.
Mauro Law Offices, P.C.
10 G Street, NE
Suite 600
Washington, DC 20002
*Counsel for Plaintiff*

                                                  /s/
                                       Albert Wilson Jr.